■ GEORGE J. CRAVEN et al., Individually and as Copartners Doing Business as JORGE COMPANY, Respondents, v. STATE OF NEW YORK, Appellant. (Claims Nos. 39945, 39946.) — HERLIHY, J. Consolidated appeals by the State from two orders of the Court of Claims, the first of which denied the appellant's motion for summary judgment and granted leave to the claimants to file second amended claims and the second of which denied the appellant's motion to dismiss the second amended claims as enforcement of an order of preclusion. Assuming that the court had the power to dismiss the second amended claims, such would be discretionary and the State has shown no abuse of such discretion. Accordingly, the second order must be affirmed if the first order was correct. Under the procedure in the Court of Claims the State need not file any answer to a claim and for procedural purposes the claim is deemed controverted in all material respects. In the present case the claimants did not honor a demand of the State for a bill of particulars as to the prior claims for breach of contract and this court granted a motion to preclude any proof at the trial of such facts as were demanded. (*Craven* v. *State of New York*, 24 A D 2d 1034.) The claimants thereafter requested permission to amend their claims so that in form they appear to assert a cause of action on a debt. The affidavits and other papers in support of such request indicate that the claims are premised upon an admitted debt insofar as facts are concerned. If it clearly appeared that the proposed second amended claims were merely a tactical effort to obviate the preclusion order or that they could effectively render such order nugatory, then the allowance of such pleadings would be an abuse of discretion. However, it is not clear that the prior preclusion order would prevent proof of the facts essential to the second amended claims and in any event the court has provided that upon a trial of these amended claims the claimants may not prove any facts precluded by this court's order. As to the motion for summary judgment by each party, in view of the present posture of the pleadings and the uncertainty as to the proof to be offered and received, the denial of the motions was proper. Orders affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.